BAKER FURNITURE COMPANY ET AL. V. RICHARD S. HALL.*

FILED MARCH 8, 1906.    No. 14,203.

Corporation: TAKING ASSETS OF FIRM: LIABILITY. A corporation organized for the sole purpose of continuing the business of a partnership firm, which takes over to itself the ownership and control of the assets thereof, thereby assumes the debts of such firm to the extent of the property so received.

ERROR to the district court for Douglas county: WILLIS G. SEARS, JUDGE. Affirmed.

Brome & Burnett, for plaintiffs in error.

John F. Stout, contra.

EPPERSON, C.

On the 16th day of February, 1903, the defendant in error herein obtained a judgment in the district court for Douglas county against Charles Shiverick & Company, and against the individual members of that firm, for $6,997.60, the amount then due from the judgment debtors upon a promissory note. Later an execution was issued upon the judgment, which was returned *nulla bona*. The defendant in error, appellee, hereinafter called plaintiff, then instituted this action in the district court for Douglas county against the Baker Furniture Company, contending that the latter is liable for the payment of said indebtedness, as the successor in business of the judgment debtor Charles Shiverick & Company; that it assumed and agreed to pay the debts of said copartnership, and took over to itself, without consideration and in fraud of creditors, the assets of said debtor company, which is insolvent.

In October, 1899, and for ten years prior thereto, Arthur S. Shiverick and Ella C. Shiverick were engaged in the retail furniture business in the city of Omaha, conducting

---

* Rehearing allowed. See opinion, p. 93, *post*.

said business as a copartnership under the firm name of
Charles Shiverick & Company.  At that time the members of the firm and Joseph L. Baker organized a corporation known as the Shiverick Furniture Company, and in
1903 changed its corporate name to Baker Furniture Company.  The circumstances attending the organization of
the corporation are as follows: The Shivericks had been
doing an unprofitable business, and their liabilities then
greatly exceeded their assets.  They were indebted to
Baker in the sum of $5,750; to the plaintiff in the sum
of $6,000, later reduced to judgment; to the First National Bank in the sum of $34,000; and to certain of their
relatives in sums aggregating $27,000, and owed merchandise indebtedness amounting to about $6,100.  Just prior
to the incorporating the Shivericks, Baker and the First
National Bank entered into a certain written agreement,
in which the Shivericks and Baker agreed to form the
corporation for the purpose of conducting the furniture
business, and in which it was also provided that the
Shivericks should secure forgiveness and relinquishment
of the debts owing to their relatives, and to pay to the bank
$10,000 of its indebtedness, and for which they gave their
notes; and Baker agreed to pay $5,000 of the bank's indebtedness, $5,000 of the merchandise indebtedness, and
cause the corporation to assume liability for the balance
of the merchandise debts; to cancel his own indebtedness
against the copartnership, and to pay $1,000 of the personal obligations of the Shivericks; in consideration for
which he was to receive from the Shivericks assignment
of shares of stock in the corporation.  The bank agreed
to accept the notes of the Shivericks for $10,000, and the
$5,000 cash from Baker, and to forgive $19,000, the balance of their indebtedness.  In the written agreement
there was also this provision: "The purpose and intention
of this agreement is to enable said Shivericks through
said corporation to continue in business and to prevent
their business failure; and the understanding is that said
Shivericks will and shall be absolutely freed from all in-

debtedness to all parties, except on said notes to said bank, aggregating ten thousand dollars ($10,000), and · such other notes and evidences of indebtedness as it now holds, and except an indebtedness of said Ella Shiverick to said Baker not exceeding one thousand dollars ($1,000)· which she may hereafter owe to him for moneys which he may advance on her behalf."

The corporation was organized, and 499 shares of the stock were issued to the Shivericks, and one share to Baker, who paid nothing therefor. And, as agreed previously, 384 shares issued to the Shivericks were assigned to Baker. The property of the copartnership was turned over by proper conveyances to the corporation, and the business conducted under the management of Charles Shiverick in the same manner and for the same purposes as was the copartnership. By the incorporation and the agreements leading to it, the Shiverick copartnership was relieved of all indebtedness, except the note due to the plaintiff, and the $1,100 of the merchandise indebtedness. The corporation undertook no business other than that previously conducted by the copartnership, nor did they acquire any property other than that received from the copartnership. The evidence adduced shows that when the corporation was organized the Shivericks and Baker considered the property of the company, which was turned over to the corporation, of the value of about $25,000, and that the capital stock of the corporation was worth one-half its face value. The findings and judgment of the lower court were for plaintiff, and the Baker Furniture Company have filed their petition in error in this court, alleging that the findings and judgment of the court are contrary to the evidence, and contrary to law. The evidence above referred to clearly supports the allegations of fact alleged in the petition, and this leaves us to determine whether or not the findings and judgment of the lower court are contrary to law.

This plaintiff in error maintains that, as the corporation did not by express contract assume the payment of the co-

partnership's indebtedness, and that as no actual fraud was proved, it necessarily follows that the findings and judgment of the lower court were not sustained by the evidence, and were contrary to law; and cites in support thereof the judgment of this court in the case of *Austin v. Tecumseh Nat. Bank,* 49 Neb. 412, a similar case, in which the creditor failed to recover judgment against the new corporation. But in that case the decision was based upon the ground that the petition failed to state a cause of action. It is unnecessary to review that case here. Suffice to say that the petition there held defective failed to recite certain necessary allegations regarding the nature of the interests acquired by the new corporation; and such defects do not appear in the petition filed by the plaintiff herein. In that case it is held that, to render a new corporation liable in such cases, "it should, in the absence of a special agreement, affirmatively appear from the pleadings and proofs that the transaction in question is fraudulent as to creditors of the old corporation, or that the circumstances attending the creation of the new and its succession to the business and property of the old corporation are of such character as to warrant the finding that it is a mere continuation of the former." In the case at bar the pleadings clearly alleged, and the proof sustained them, that the corporation succeeded to the business and property of the Shiverick copartnership, and that the object of the promoters of the corporation was to free the copartnership from all indebtedness and to prevent their business failure. And the proof is sufficient to bring the case clearly within the rule announced in *Austin v. Tecumseh Nat. Bank, supra,* showing as it does that the corporation was simply a continuation of the copartnership. It is a rule of the common law that a corporation which succeeds to the business of a copartnership, or a corporation, organized for the purpose of continuing the business, and takes over the assets thereof, by so doing assumes the debts and liabilities of the partnership or corporation which it succeeds, to the extent of the property so

received. 2 Cook, Stock and Stockholders (3d ed.), sec. 671; 1 Beach, Private Corporations, sec. 360; *Evans v. Exchange Bank,* 79 Mo. 182; 2 Cook, Corporations (5th ed.), sec. 673; *Austin v. Tecumseh Nat. Bank, supra; Reed Bros. Co. v. First Nat. Bank,* 46 Neb. 175.

There was some conflict of evidence as to the value of the property, but as it is not shown that the property was consumed in the payment of the debts of the partnership firm, we cannot see what difference it makes whether the property was worth $15,000, as claimed by the plaintiff in error, or a greater sum, as claimed by defendant in error.

Joseph L. Baker in the court below filed a petition for intervention, alleging that at the time of incorporation the Shivericks deceived him as to the value of the property; that he had no knowledge of the indebtedness owing to the plaintiff; that he was, when the suit was instituted, the owner of all the stock of the corporation, except ten shares assigned to other persons that they might act as directors. A demurrer to this petition was sustained. This ruling of the court the intervener alleges is error, in his separate petition in error herein filed. Intervener did not allege fraud as against the plaintiff, and his petition stated no defense to the plaintiff's cause of action, nor any reasons why he should be made a party to the suit. The liability of the corporation existed the instant of its creation; the stockholders knew of the liability owing to plaintiff, and assignees of stock cannot interpose as a defense to plaintiff's action that the stockholders were guilty of deceit or fraud in the sale of such stock.

There is no error in the record, and we recommend that the judgment of the court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons appearing in the foregoing opinion, the judgment of the district court is

AFFIRMED.

The following opinion on rehearing was filed March 7, 1907. *Judgment of affirmance vacated and judgment of district court reversed:**

1. Corporation: Succeeding to Assets of Firm: Liability. To render a newly organized corporation liable for the debts of an established corporation or firm to whose business and property it has succeeded, it should, in the absence of a special agreement to assume such liabilities, affirmatively appear from the pleadings and proofs that the transaction in question is fraudulent as to creditors, or that the circumstances attending the creation of the new and its succession to the business and property of the old corporation or partnership are of such character as to warrant the finding that it is a mere continuation of the old firm or corporation.

2. ———: ———. Where a corporation is organized by the members of an existing partnership and a third person, who contributes the funds necessary to properly finance the new enterprise, and receives therefor his agreed proportionate share of its capital stock, the partners contributing thereto the stock in trade, bills receivable and real estate of the firm, for which they receive their proportionate share of such capital stock, in the absence of fraud, the new corporation cannot be said to be a mere continuation of the old firm.

3. ———: ———: Good Faith. If the new corporation takes all of the property of the old corporation or partnership, and pays for same entirely in its stock issued to the stockholders of the old corporation or members of the former partnership, the creditors of the former partnership or corporation may enforce their claims in equity against the interests of the former partners or stockholders, and a court of equity will seize such property rights in the hands of fraudulent grantees, as in other cases of fraudulent transfer of property, but an innocent purchaser in good faith, without notice, will be protected. A stockholder in the new corporation may be an innocent purchaser.

Barnes, J.

This is a suit in the nature of a creditor's bill to charge the Baker Furniture Company with the payment of a debt due from Arthur Shiverick and Ella C. Shiverick, as the Shiverick Furniture Company, to one R. S. Hall. The

---

* Rehearing denied. See opinion, p. 101, *post.*

plaintiff had judgment in the district court, and the defendants brought the case here by a petition in error. By our former opinion, *ante,* p. 88, the judgment of the trial court was affirmed. A rehearing has been had, and the case again demands our consideration.

The facts underlying this controversy, briefly stated, are as follows: In the month of October, 1899, Arthur Shiverick and Ella C. Shiverick were, and for many years theretofore had been, conducting a general retail furniture business in the city of Omaha, as copartners, under the firm name and style of Charles Shiverick & Company. At the date mentioned the partnership was indebted to the intervener, Joseph L. Baker, in the sum of $5,700 for borrowed money. The Shivericks at that time represented to Baker that the firm was financially embarrassed; that its assets consisted of a stock of furniture, worth from $12,000 to $15,000, and certain real estate situated in the city of Omaha, of the value of about $7,000; that the obligations of the partnership consisted of $27,000 owing to certain of their relatives; $34,000 to the First National Bank of Omaha, and $6,100 to persons and firms from whom the partnership had bought goods. It was proposed to Baker to form a corporation to be properly financed by him for the purpose of taking over and conducting the business; that such a business could be conducted with great profit; and it was represented to Baker that the relatives of Shivericks would forgive the debt due them. The First National Bank was thereupon consulted, and it was ascertained that that institution, in consideration of a cash payment of $5,000, and the execution of new notes to the amount of $10,000 by Arthur Shiverick, and Ella C. Shiverick, secured by a mortgage upon certain lands owned by Ella C. Shiverick at San Antonio, Texas, would forgive the balance of its indebtedness. Thereupon Baker and the bank required the Shivericks to make a written statement of the indebtedness of the firm, so that provision could be made to liquidate the same and thus start the business, which was to be taken over

and conducted by the proposed corporation, without debt and on a cash basis. This was supposed to have been done, and thereupon it was agreed between Baker and the Shivericks to organize a corporation to be known as the Shiverick Furniture Company, with a capital stock of $50,000. The Shivericks were to transfer their stock of furniture, bills receivable, and Omaha real estate, of the supposed value of about $25,000, to the corporation; and Baker agreed to pay to the Shivericks, or the First National Bank of Omaha, $5,000 in cash, to advance to the Shivericks $5,000 more, with which to pay their merchandise indebtedness, together with such other sums as might be necessary for that purpose; to also advance to Ella C. Shiverick about $1,000, and forgive the debt due him from the firm amounting to something over $5,700, as his contribution to the new enterprise. This arrangement was consummated, and it appears that at the time the corporation was formed all of its capital stock, except one share, was issued to the Shivericks; but in order to carry out the terms of the agreement 385 shares thereof were immediately transferred to Baker as his share of such capital stock, the remainder being retained by the Shivericks in payment for the property which they transferred to the corporation. The business from that time forward was conducted by Arthur Shiverick, as secretary, treasurer and manager of the corporation, Baker being its president, and Ella C. Shiverick its vice-president. To induce Baker to purchase the stock and join in creating the corporation, the Shivericks entered into a contract with him in writing, whereby they guaranteed that he should receive a dividend of 10 per cent. per annum on $25,000 worth of the capital stock so purchased by him; and he in turn gave them an agreement by which they had the right to repurchase all of the capital stock assigned to him in excess of the sum of $25,000 at the price at which it was sold to him, at any time within three years after the organization of the corporation. The Shivericks, to secure the fulfillment of this contract and

also as collateral security for individual loans subsequently made to them by Baker, pledged to him stock owned by them to the amount of $11,500. The business of the corporation under the management of Arthur Shiverick was not successful. It appears that no dividends were earned or paid upon the stock; the contract with the Shivericks respecting the payment of their $10,000 in notes to the First National Bank was not carried out by them; no payments at all being made thereon. The result was that suits were brought by the bank against the Shivericks; judgments were recovered, and to protect the credit of the corporation in which Baker was so largely interested he was compelled to and did purchase the judgments above mentioned. He thereupon procured an amendment of the articles of incorporation, and increased the board of directors, and during the year 1902 took over the management of the business of the corporation; brought suit in the district court for Douglas county upon his claims against the Shivericks to enforce his lien upon the stock held by him as collateral; recovered judgment against them, and had a decree entered for the sale of the shares of stock so held by him as collateral. These shares were sold by the sheriff of Douglas county pursuant to the decree, and were purchased by Baker, who thereupon reorganized the corporation in the name of the Baker Furniture Company.

It now appears that Richard S. Hall, the plaintiff in the court below, had loaned $6,000 to Arthur Shiverick and Ella C. Shiverick, a number of years before the date of the organization of the corporation, and at that time he held their note for that amount. Hall had theretofore been counsel for the Shivericks, and was advised of the facts relating to the formation of the corporation, at the time, or within a few days after, the transaction occurred. Hall's note was not included by the Shivericks in the statement of their indebtedness made to Baker and the bank, and Baker knew nothing about the matter until more than two and one-half years thereafter. Hall testified on the

trial of this case that he knew of the organization of the corporation; that he made no effort to procure the payment of his note at that time, because he trusted to the promise of Arthur Shiverick to pay it out of the salary he was to receive as manager for the corporation. However, on the 24th day of May, 1902, some two and a half years after the corporation had been organized and the partnership property had been conveyed to it, Hall advised Baker of the fact that he held the note above mentioned, purporting to have been signed by Charles Shiverick & Company and Arthur Shiverick on the 14th day of April, 1892, some ten years before that time, and that the note, with interest thereon for about two years, had not been paid. Thereafter, Hall brought suit in the district court for Douglas county against Arthur Shiverick and Ella C. Shiverick on said note, and on the same day they appeared in open court, waived the issuance and service of summons, and confessed judgment in his favor for the sum of $6,997.60 as against themselves, and as partners doing business under the firm name and style of Charles Shiverick & Company, and agreed that the judgment should bear interest at the rate of 8 per cent. per annum from the date of its rendition.

At the January, 1903, meeting of the stockholders of the Shiverick Furniture Company its articles of incorporation were amended, and the name of the corporation was changed from Shiverick Furniture Company to Baker Furniture Company. On the 23d day of July, of that year, Hall instituted this suit against the Baker Furniture Company, and recovered judgment as above stated. It seems clear that the transaction in question herein was not fraudulent as to the creditors of the Shiverick Furniture Company. Indeed, Baker and the bank insisted that all claims against the partnership should be adjusted and settled, and that was one of the conditions on which Baker agreed to become one of the incorporators. It appears that Hall, knowing all about the transaction at or about the time it occurred, failed to inform Baker of the existence

of his note, and accepted the promise of Arthur Shiverick to pay the same out of the salary he was to receive from the new corporation. It is true that the Shivericks, who owned the property and business of the copartnership at the time that Baker helped organize the new company, continued thereafter to also have an interest in the business through the stock which they had retained in the corporation. This interest which they had in the copartnership was, of course, an interest in the property of the copartnership, and they still retained and continued to hold an interest in the same property, and Baker is now claiming that it is free from the claim of Hall, who could, of course, have satisfied his claim out of the property while the partnership held it. We think it follows that a court of equity would reach any interest that the Shivericks had in the property at the time the proceedings in equity were begun, and it may be that Baker could not purchase the interest of the Shivericks in the corporate property, so as to be an innocent purchaser for value, after he had notice of the outstanding claims of this plaintiff against the property. *Montgomery Web Co. v. Dienelt,* 133 Pa. St. 585; *Hibernia Ins. Co. v. St. Louis & New Orleans T. Co.,* 13 Fed. 516. It was said in the latter case:

"Equity will not compel the creditor of a corporation to waive his right to enforce his claim against the visible and tangible property of the corporation, and to run the chances of following and recovering the value of shares of stock after they are placed upon the market."

This possibly might depend upon the circumstances in the case. If the court could do complete equity by impounding the shares of stock held by the Shivericks, there would seem to be no necessity of interfering with the property of the corporation. The corporation itself would, of course, be a proper party to such proceedings in equity, and a court of equity should, in view of all the circumstances in the case, frame its decree so as to do equity to the parties and to make its relief effective.

Since the plaintiff Baker acted in good faith in the

formation of the corporation and in investing his money therein, it becomes important to inquire what interest the Shivericks had in this corporate property at the time that Baker had notice of the claims of the plaintiff Hall. This is especially so since the plaintiff purposely failed to notify Baker of his claim against the Shivericks, and allowed him to deal with the Shivericks and with the property in question upon the supposition that all claims against the property had been fully satisfied. There is a conflict in the evidence as to the value of the property which the new corporation took from the Shivericks. There is much evidence tending to show that the total value of all the assets of the Shivericks' copartnership which were taken by the corporation amounted to less than $18,000, and that Baker invested at the time the amount of $17,700, and afterwards paid $1,200 for the judgment against the Shivericks, making a total of $18,900, all of which was done by Baker before he had notice of the outstanding claim of the plaintiff Hall. Whatever the facts may have been in this regard, it is clear that neither at the time that Baker had notice of the claim of Hall, nor at the time that this action was begun, did the Shivericks have any interest in the property of the corporation to the amount of the judgment which was rendered by the court below in favor of the plaintiff Hall. Again, it cannot be said that the corporation assumed and agreed to pay the debts of the partnership, for such debts, as far as they were known or could be ascertained, were either paid or compounded and released before the corporation was formed. So if the Baker Furniture Company is liable to the plaintiff at all, it is made so because the transaction was merely a continuation of the old partnership of Charles Shiverick & Company.

In our former opinion that fact seems to have been assumed, but we now think the assumption was not warranted by the evidence. An examination of the record discloses that Baker contributed to the new enterprise his own claim of $5,700; $5,000 in cash paid to the First Na-

tional Bank of Omaha, $5,000 to the merchandise creditors of the firm, together with about $1,000 advanced to Ella C. Shiverick, in all about $16,700. For this he received what was understood to be his proportionate share of the capital stock of the new corporation. It was Baker's capital which financed the new corporation and brought it into existence. Without such capital the adjustment of such large accounts with the prior creditors of the partnership could not have been made, and no steps could have been taken to further the organization of the new company. Again, the members of the old partnership were Arthur Shiverick, Ella C. Shiverick, and no others, while the new corporation was composed of Joseph L. Baker, Arthur Shiverick and Ella C. Shiverick, together with two other persons, who later on became stockholders therein. To this new corporation the old partnership contributed its stock of furniture, its bills receivable, and certain real estate situated in the city of Omaha, for which its members received their proportionate share of the capital stock of such corporation. When the corporation was formed a new entity was created which engaged in the furniture business, but it cannot be said that the transaction was, in fact, a continuation of the old partnership. *Paxton v. Bacon Hill & Mining Co.*, 2 Nev. 257; *Austin v. Tecumseh Nat. Bank*, 49 Neb. 412.

The fact that Baker became the owner of the shares of capital stock issued to the Shivericks, and reorganized the corporation under the name of the Baker Furniture Company, is strenuously urged as a reason for affirming the judgment of the trial court. It must be remembered, however, that the Shiverick stock was purchased by Baker at a judicial sale; and the rule is well settled that by such purchase he incurred no liability for the debts of either the partnership or the corporation. *Armour v. Bement's Sons*, 123 Fed. 56, 62 C. C. A. 142; *Fernschild v. Yuengling Brewing Co.*, 154 N. Y. 667; *Allen v. North Des Moines M. E. Church*, 127 Ia. 96; *Smith v. Chicago & N. W. R. Co.*, 18 Wis. 21; *Vilas v. Milwaukee & P. du C. R. Co.*, 17 Wis.

513; *Wiggins Ferry Co. v. Ohio & M. R. Co.*, 142 U. S. 396.

The evidence contained in the record is not sufficient to support the judgment of the district court. Our former judgment is vacated, and the judgment of the district court reversed and the cause remanded for further proceedings, not inconsistent with this opinion.

REVERSED.

The following opinion on motion for rehearing was filed October 3, 1907. *Rehearing denied:*

PER CURIAM.

In the former opinion the following language was used: "If the Baker Furniture Company is liable to the plaintiff at all, it is made so because the transaction was merely a continuation of the old partnership of Charles Shiverick & Company."

This language is not strictly accurate, and from the briefs upon the motion for rehearing it appears that it has led to a misunderstanding of the views of the court. From other portions of the opinion it is made clear that any interest that the members of the original firm of Charles Shiverick & Company had in the partnership property at the time this action was begun could be reached in this action to satisfy the existing claim of Hall against the copartnership of Charles Shiverick & Company. The plaintiff was entitled to subject the interests of the members of the former copartnership in the copartnership property to the payment of his claim, whether that interest was represented by shares of stock or otherwise, and after notice of plaintiff's claim the defendant Baker could not deal directly with the Shivericks for the purchase of their interests, if such transaction would result in enabling the Shivericks to hinder or delay the plaintiff in collecting his claim out of the interests of the former copartnership in the property.

We think the conclusion reached is right, and the motion for rehearing is

OVERRULED.