UNITED STATES v. GENERAL INSPECTION & LOADING CO.

(District Court, D. New Jersey. November 9, 1911.)

1. INTERNAL REVENUE (§ 9*)—SPECIAL CORPORATION TAX—DISSOLUTION OF CORPORATION.

A corporation which has continued in business through a calendar year cannot evade liability for the special excise tax imposed by Act Aug. 5, 1909, c. 6, § 38, 36 Stat. 112 (U. S. Comp. St. Supp. 1909, p. 844), by dissolving before the time when it is required to make a return of said business to the collector of internal revenue and the assessment of the tax.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 13–28; Dec. Dig. § 9.*]

2. INTERNAL REVENUE (§ 9*)—SPECIAL CORPORATION TAX—EFFECT OF DISSOLUTION.

Under Corporation Act N. J. (P. L. 1896, p. 295) §§ 53–55, which provide that corporations, however dissolved, are "continued bodies corporate for the purpose of prosecuting and defending suits by or against

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

them and of enabling them to settle and close their affairs," but may not continue their business, and make the directions trustees to settle the business, the officers of a corporation which has dissolved after becoming subject to the special tax imposed by Act Aug. 5, 1909, c. 6, § 38, 36 Stat. 112 (U. S. Comp. St. Supp. 1909, p. 844), on its business of the preceding year, who are also directors, have authority, and it is their duty, to make the return of such business required by the act.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 13–28; Dec. Dig. § 9.*]

Action by the United States against the General Inspection & Loading Company. On demurrer to pleas. Demurrer sustained.

H. P. Lindabury, Asst. U. S. Dist. Atty., for demurrant.
Edward Q. Keasbey, for defendant.

CROSS, District Judge. The plaintiff in this action is seeking to recover the amount of a tax, together with certain penalties, imposed under section 38 of the act entitled "An act to provide revenue, equalize duties, and encourage the industries of the United States and for other purposes," approved August 5, 1909, c. 6, 36 Stat. 11 (U. S. Comp. St. Supp. 1909, p. 844). The act is commonly known as the federal corporation tax act, and among other things provides that a tax shall be imposed upon each corporation of the class made liable thereto, for the year ending December 31, 1909, and for each calendar year thereafter. Subject to certain specified deductions, the net income of any corporation embraced in the act for each year ending December 31st is made the basis or measure from and by which the amount of the tax for that year is ascertained. The act also provides that a statement of its income for the preceding year shall be made by every such corporation to the collector of internal revenue for the district in which such corporation has its principal place of business, on or before March 1st of each year, or, upon failure so to do, its books and papers may be examined in behalf of the government, for the purpose of obtaining the necessary data from which to ascertain and fix the amount of the tax.

The declaration is apparently unassailable, and indeed has not been attacked. It contains a single special count and the common counts, and attached thereto and made a part thereof is a copy of the return made to the collector by the defendant corporation. To the common counts the defendant pleaded the general issue, and to the special count it likewise pleaded the general issue, and also two special pleas. The first of them is to the effect that, at and before the time when the Commissioner of Internal Revenue assessed the supposed excise tax alleged to be due from the defendant, the defendant, formerly a corporation of New Jersey, had been duly dissolved in accordance with the laws of that state; that it no longer existed, and was not carrying on business, and by reason thereof was not subject by law to the payment of a special excise tax for the carrying on or doing business by it as in the declaration alleged; and that it was under no duty to pay the collector the supposed tax in the declaration alleged to have been assessed against it.

The second special plea sets forth, in substance, that the supposed return purporting to be made by the said defendant and filed on March 14, 1910, under protest indorsed thereon, and sworn to by its former vice president and former treasurer, was not the return of the said corporation, a certificate of dissolution of the defendant corporation having been, before that time, to wit, on February, 14, 1910, duly issued by the Secretary of State of the State of New Jersey, upon proceedings duly taken for the purpose under the laws of that state where the company was organized; that the certificate of dissolution having been afterwards, in due time, duly published for four weeks successively, and proof of publication having been filed, said corporation was duly dissolved, and ceased to exist as a corporation; that the said corporation did not make a return of its income as in the declaration alleged; that by reason of the premises no excise tax was due or assessable against said defendant upon the return made by its former officers as alleged in the declaration; and that the defendant was not subject to such assessment nor to the payment of such tax. To these pleas the plaintiff has demurred, assigning several grounds of demurrer, as follows: To the first:

"Because the dissolution of the said defendant company at and before the time when the Commissioner of Internal Revenue assessed the tax sued for did not relieve the defendant company of liability therefor.

"Because the dissolution of the said defendant company in accordance with the laws of the state of New Jersey, prior to the assessment of the tax as in the declaration alleged, did not relieve it of the duty to pay the same upon assessment, as required by law."

And to the second:

"Because the dissolution of the said defendant company on the 14th day of February, 1910, did not relieve it of the duty to pay the excise tax for the year ending at midnight of the 31st day of December, 1909, in the declaration sued for.

"Because upon obtaining a certificate of dissolution on the 14th day of February, 1910, from the Secretary of State of the State of New Jersey, pursuant to proceedings taken for that purpose under the laws of the state of New Jersey, the corporation continued to exist for all purposes except the continuing of the business for which it was established, and the return filed on the 14th day of March, 1910, was the return of the said corporation.

"Because the failure of the defendant corporation to file a return pursuant to the statute in such case made and provided does not relieve it of the duty of paying the excise tax in the declaration sued for.

"Because the dissolution of the said company on the 14th day of February, 1910, did not exempt it from taxation under the federal corporation excise tax act, in the declaration mentioned, for the year ending at midnight on the 31st day of December, 1909."

[1] It is not contended on behalf of the corporation that it was not engaged in business during the year 1909, up to and including December 31st of that year. Hence, under the express terms of the act of Congress above referred to, it was liable to the tax thereby imposed, unless its pleas are valid in law. The real question, therefore, is whether by dissolution, prior to the time when the amount of the tax was ascertained pursuant to the statute, it escaped such liability. Sections 53, 54, and 55 of the Corporation Act of New Jersey (P. L. 1896, p. 295) deal with the situation herein involved. For the sake of convenient reference they are set forth at length.

192 F.—15

. "Sec. 53. All corporations, whether they expire by their own limitation or be annulled by the Legislature or otherwise dissolved, shall be continued bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them to settle and close their affairs, to dispose of and convey their property and to divide their capital, but not for the purpose of continuing the business for which they were established.

"Sec. 54. Upon the dissolution in any manner of any corporation the directors shall be trustees thereof, with full power to settle the affairs, collect the outstanding debts, sell and convey the property and divide the moneys and other property among the stockholders, after paying its debts, as far as such moneys and property shall enable them; they shall have power to meet and act under the by-laws of the corporation and, under regulations to be made by a majority of said trustees, to prescribe the terms and conditions of the sale of such property, and may sell all or any part for cash, or partly on credit, or take mortgages and bonds for part of the purchase price for all or any part of said property.

"Sec. 55. The directors, constituted trustees as aforesaid, shall have authority to sue for and recover the aforesaid debts and property, by the name of the corporation, and shall be sueable by the same name, or in their own names or individual capacities, for the debts owing by such corporation, and shall be jointly and severally responsible for such debts, to the amount of the moneys and property of the corporation which shall come to their hands or possession as such trustees."

It is manifest, since the tax under consideration is an excise tax, that decisions of state courts relative to the imposition and lien of ordinary state and municipal taxes upon property have little relevancy. The tax under consideration "is imposed upon the exercise of the privilege of doing business in a corporate capacity." Flint v. Stone, Tracy Co., 220 U. S. 107, 155, 31 Sup. Ct. 342, 350, 55 L. Ed. 389. The Congress, by section 38 of the act referred to, in specific terms imposed the liability for such a tax upon all corporations of the character of the defendant doing business during the year 1909. It also imposed upon them the duty of making a return to the internal revenue collector, on or before March 1st of the following year, as a basis or measure from which the amount of its liability could be determined. With such a liability to taxation impending, and such a duty to make a return of its income resting upon the defendant, it sought escape therefrom by dissolution.

This is not the case of a liability to taxation accruing after dissolution, but rather of a liability incurred before dissolution, and while a complete scheme for an ascertainment of the extent of such liability and for its enforcement were in existence. The case does not differ greatly in principle from that in which a party, after having made and broken a contract, should die, in which case his death would not protect his estate from the liquidation and payment of any damages resulting from such breach. The counsel of the defendant argued that, even though there were a liability to taxation existing against the defendant on December 31, 1909, still, as the extent thereof had not been ascertained at the time when the corporation dissolved, it was not a debt, and that consequently the sections of the New Jersey corporation act above quoted have no relevancy. It may be that such liability was not a debt, in the primary and strict signification of the word; but it is often given a broader meaning, as in N. J. Insurance Co. v. Meeker, 37 N. J. Law, 282, 301. Furthermore, as

was said in White v. Green, 105 Iowa, 176, 74 N. W. 928, liability "is the state or condition of one who is under obligation to do at once, or at some future time, something which may be enforced by action. It may exist without the right of immediate action." The procedure to ascertain the amount of the tax in the manner provided by Congress in no wise affected the then existing liability of the corporation; indeed, it assumed it, and was but an orderly step looking to its ultimate enforcement. The scheme of taxation under consideration is one in which the government and the corporation are the only parties interested. In this respect, as well as in many others, it is wholly unlike the imposition of a state or municipal tax, where a lien as of a fixed date should be, and usually is, declared, not because such a declaration is necessary to the validity of the tax, but because it is of the utmost importance to all dealers in property, whether sellers or buyers, to know the exact time when the lien attaches. In a tax, however, of this character, there is no propriety in, or necessity for, establishing a lien as of a fixed date or otherwise. As each calendar year expires, the corporation knows full well whether it has exercised the privilege of transacting business during that year, and, if it has, that it is liable for the payment to the government of a tax, the amount of which will be measured by its profits during that period. Indeed, under the act, the corporation can ascertain from its own books the amount for which it is liable at least two months before the government can.

[2] Furthermore, upon turning to the different sections of the New Jersey corporation act above referred to, it will be noticed that corporations, however dissolved, are, notwithstanding that fact, "continued bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them to settle and close their affairs." They may not, however, continue their business. One of the unadjusted affairs of the defendant at the time of its dissolution was the liquidation and settlement of the tax in question, and by the provision requiring it to furnish to the government, at a given date, the data from and by means of which the amount of the tax could be computed, an active duty was placed upon it. As a matter of fact, it did under protest and tardily discharge such duty and made through proper officials a return in due form, attached to which, and forming a part thereof, was an affidavit as required by the act, of the following form:

"State of Illinois, County of Cook—to wit:

"H. H. Titsworth, vice president, and Thomas D. Brown, treasurer, of the ———— corporation, whose return of annual net income is set forth above, being severally duly sworn, each for himself, deposes and says that the foregoing report and several items therein set forth are, to his best knowledge and belief and from such information as he has been able to obtain, true and correct in each and every particular; that the amount of gross income therein set forth is the full amount of gross income, without any deduction, whatever received from all sources by the said corporation during the year stated and that the net income therein set forth is the full amount on which tax is proper to be assessed.                    Thomas D. Brown, Treasurer.

                                        "H. H. Titsworth, Vice President.

"Sworn and subscribed to before me this ninth day of March, 1910.

                        "Fred M. Sargeant [Seal.]

                                "Notary Public, Cook Co., Ill."

Notwithstanding this, one of the pleas alleges that the defendant did not make a return, because having already, as it claims, been dissolved, it had no officers, and that consequently the so-called return was a nullity. It should be noted at this point that the return was apparently made upon a printed blank, furnished by the internal revenue collector, which, as already stated, was in due form and verified by proper officials, and that the protest alleged to have been made formed no part of, but was indorsed upon the back of, the return. I think the protest, under the circumstances, was unavailing; that the defendant was estopped from denying the return; and that the collector had the right, under the circumstances, to receive and treat it as the return of the corporation. But, however that may be, section 54 and others of the New Jersey corporation act cover the situation. Section 54 provides, in substance, that after dissolution the directors, acting as trustees, shall have full power to settle its affairs, sell its property, and, after paying its debts, distribute the balance of its assets among the stockholders, and, while so acting, it confers upon them power to meet and act under the by-laws of the corporation; and section 55 provides that such trustees may sue and be sued, by and in the name of the corporation. The return purported to be verified by the vice president and treasurer of the corporation, who, if not officers, because of the dissolution of the corporation, were nevertheless, trustees, and as such, under the section, had power to make the return. But if it be assumed that they had no authority as officers, or even as trustees so to do, the fact remains that a verified return was made, and the collector of internal revenue, instead of examining the books of the corporation to ascertain for himself the requisite information as under the law he might have done, accepted the sworn statement presented to him, in lieu of such examination. Under the circumstances, the collector had the right to waive an examination and accept and adopt the affidavit in lieu thereof. It certainly made a prima facie case against the defendant.

Before closing it should be noted that, under section 31 of the New Jersey corporation act, the certificate of dissolution issued by the Secretary of State must be published for four weeks successively at least once a week, and that, upon the filing in his office of proof of such publication, "the corporation shall be dissolved and the board (of directors) shall proceed to settle up and adjust its business and affairs." The second plea shows that such publication had not been completed on March 1, 1909, when the duty of making a return rested upon the corporation. The corporation therefore had not then been dissolved, and the board of directors were, even after the dissolution had become effective by reason of such publication, under the express duty of proceeding to settle up and adjust its affairs. The corporation cannot escape the tax through willful disobedience of the act imposing it.

As the pleas do not, although claiming to, meet and answer the averments of the declaration, the demurrers thereto will be sustained, with costs.