## GREENBERG-MILLER CO. *v.* EVERETT SHOE CO.

A corporation which legally acquires all the property of a partnership does not thereby become responsible for the partnership debts.

SEPTEMBER 26, 1912.

Complaint. Before Judge Felton. Bibb superior court. July 31, 1911.

Error was assigned upon a judgment dismissing the plaintiff's case on general demurrer. According to the allegations of the petition, as amended, the plaintiff sold a bill of merchandise to the firm of Parks & Everett, composed of J. J. Parks and S. A. C. Everett. Parks sold out his interest to Everett, and the latter organized the defendant corporation, which "took over the stock and assets of the old firm." Parks had no other property than that transferred to Everett. Everett "put all his stock of merchandise . . into the new corporation, receiving therefor stock" in the corporation. There was no actual sale, but the partnership was merely absorbed by the corporation, and the pretended sale was in fraud of creditors of the partnership, and the transaction made the partnership insolvent. Everett died, leaving no estate, except the stock in the corporation, and that was hypothecated to his personal creditors. A judgment was prayed against the corporation on account of the alleged debt contracted by Parks and Everett.

*West & Dasher,* for plaintiff.

*John R. L. Smith* and *W. A. Thompson,* for defendant.

ATKINSON, J. The petition is to be construed most strongly against the pleader. The general allegations as to fraud, insolvency, and absorption of the copartnership by the corporation are mere conclusions of the pleader. The substantive allegations of fact show a sale by Everett to the corporation and receipt of a consideration, the value and sufficiency of which is not questioned. The sale, therefore, must be regarded as lawful. The corporation was a different entity from the firm, and there was no promise by that entity to the firm, or to its creditors, to pay the debts of the firm. The attempt, therefore, is to hold the corporation liable merely because it lawfully acquired the property of the partnership. It has been previously ruled by this court that under the circumstances enumerated the corporation will not incur liability. *Cul-*

*berson* v. *Alabama Construction Co.*, 127 *Ga.* 599 (56 S. E. 765,.
9 L. R. A. (N. S.) 411, 9 Ann. Cas. 507).

*Judgment affirmed. All the Justices concur.*