### In re STONE-MOORE-WEST CO.

#### (District Court, N. D. Georgia. October 16, 1923.)

#### No. 8988.

1. **Frauds, statute of ⟨⟩18(4)—Agreement of corporation, succeeding partnership, to pay the debts of the partnership, held not within statute.**

 An agreement by a corporation to pay the debts of a partnership, which it succeeded, *held* not within Civ. Code Ga. 1910, § 3223, because not in writing, where it received the assets of the partnership as the consideration, there being full performance on one side.

2. **Corporations ⟨⟩30(6)—Corporation may by agreement assume debts of partnership as part payment for its assets.**

 Though a purchase by a corporation of partnership assets does not necessarily involve liability for the partnership obligations, such liability may be agreed on as part of the purchase price.

3. **Bankruptcy ⟨⟩308—Stockholder held entitled to prove claim as creditor.**

 A stockholder in a bankrupt corporation *held* entitled to prove claim as a creditor for an amount due him on settlement of a partnership, which the corporation succeeded, which claim, with other liabilities of the partnership, it was understood the corporation should pay as part of the purchase price of the partnership assets.

In Bankruptcy. In the matter of the Stone-Moore-West Company, bankrupt. On review of order of referee, disallowing claim of Moore as creditor. Reversed.

Carl Davie, of Gainesville, Ga., for bankrupt.
J. L. Hargrove, of Atlanta, Ga., for objecting creditors.

SIBLEY, District Judge. Three partners, Stone, Moore, and West, organized a corporation; they being the only subscribers to its stock, and its officers. The corporation took over the entire partnership assets. At the initial corporate meeting a statement of the assets and liabilities of the partnership was presented, showing a net worth of about $3,000, and also a statement of the condition of the corporation after the taking, in which the item of net worth was substantially absorbed in two items of capital stock, $1,500, and surplus $1,501. Among the partnership liabilities was a sum of $3,860, loaned by one of the partners, Moore, and a balance arising from a partnership settlement due to him, and a less amount due to West, another partner. The statement of corporate affairs showed assets identical with those

of the partnership and liabilities substantially identical, save that the item of net worth was absorbed, as above stated, in capital stock and surplus entries. The balances due the former partners, Moore and West, were continued on the books and set out in a statement recorded upon the corporate minutes a year later, less charges made because of later stock subscriptions. The corporation some time later was put into bankruptcy, and Moore offered to prove his claim against it. Upon objections filed, the referee disallowed the claim.

[1, 2] I do not think the statute of frauds, touching a promise to pay the debt of another, cuts any figure. The corporation bought the assets of the partnership and got them. If the statute of frauds were involved, the case would be one of full performance on one side, requiring performance by the other, regardless of written evidence. Civ. Code Ga. 3223. Although a purchase by a corporation of partnership assets does not necessarily involve liability for the partnership obligations (Georgia Co. v. Castleberry, 43 Ga. 187; Culberson v. Alabama Construction Co., 127 Ga. 599, 56 S. E. 765, 9 L. R. A. (N. S.) 411, 9 Ann. Cas. 507; Greenberg-Miller Co. v. Everett Shoe Co., 138 Ga. 729, 75 S. E. 1120), still such liability may be agreed on as a part of the purchase price.

[3] The true question here is: What was the corporation to pay for these assets? The discount of the accounts receivable shows a purpose to make an actual valuation of the assets. While no express contract appears in the minutes, the statements of assets and liabilities made up at the time indicate that the value put on the assets was to be paid in the stock subscriptions and by paying the listed liabilities of the partnership. The margin of $1,501.17, which was set down as a "surplus," means that there was that profit in the transaction to the corporation. If the value of the assets, $19,766.08, less the stock taken, $1,500, and this surplus, $1,501.17, had been settled for in cash, the sum of $16,-746.91 would have been paid the partnership by the corporation, out of which the former would have paid all of its listed liabilities and made the settlement among the partners indicated by the balances set down as due Moore and West. Instead of paying cash or owing the partnership this amount, it has been, by a sort of novation, or settlement by common consent, carried on the corporation's books in the shape of direct debts to the creditors of the partnership and to Moore and West, for the balance due them on the partnership settlement. These balances have been partly absorbed in their stock subscriptions. The net unpaid balance is a debt proper to be paid by the corporation as a part of its original purchase-money obligation for the assets taken over. The corporate creditors are no worse off than if the corporation had given the partnership its formal note for the value of the assets taken over, less the stock subscriptions and allowed surplus or margin of profit.

The proof of debt offered by Moore ought to have been allowed.