### In re W. J. MARSHALL CO.

(District Court, S. D. Georgia, W. D. July 25, 1924.)

1. Corporations ⬤⟿30(6)—Corporation's agreement to pay liabilities of partnership taken over by it held to include additional excess profits tax assessed after corporation organized.

Where partners became sole stockholders of corporation which took over assets of partnership, corporation's agreement to pay all partnership liabilities was sufficiently comprehensive to include additional excess profits tax assessed under Act Oct. 3, 1917 (Comp. St. 1918, § 6336⅜ et seq.), against partnership after corporation was organized, notwithstanding such debt was omitted from corporation's books.

2. Corporations ⬤⟿30(6)—Rule in Georgia that corporation taking over assets of partnership not necessarily liable for partnership debts.

It is a rule in Georgia that mere fact that corporation takes over assets of partnership to carry on business does not thereby make corporation responsible for partnership debts.

3. Corporations ⬤⟿30(6)—Common-law rule that corporation taking over partnership business liable for partnership debts held general rule.

Common-law rule that corporation taking over business of partnership or corporation as-

sumes debts and liabilities to extent of property so received is general rule.

**4. Corporations ⬅30(6)—Effect of corporation's taking over assets of partnership determined by general rather than local law.**

Effect of taking over assets of partnership by corporation formed to carry on partnership business is to be determined by general rather than by local law.

**5. Bankruptcy ⬅346—Additional excess profits tax assessed against partnership after assets taken over by bankrupt corporation held entitled to priority.**

That additional excess profits tax was not assessed against partnership under Act Oct. 3, 1917 (Comp. St. 1918, § 6336⅜ et seq.), until its assets were taken over by corporation organized to carry on its business, and bankruptcy of corporation, *held* not to affect priority of tax as against creditors of corporation; corporation not being bona fide purchaser for value.

In Bankruptcy. In the matter of the W. J. Marshall Company, bankrupt. On petition by the United States to review decision of referee that bankrupt was not liable for excess profits tax assessed against partnership taken over by it. Decree overruled.

See, also, 291 F. 268.

B. S. Deaver, Asst. U. S. Atty., of Macon, Ga., for the United States.

Wallace Miller, of Macon, Ga., for trustee.

BARRETT, District Judge. [1] The W. J. Marshall Company, a partnership, was engaged in business in the city of Macon for about 15 years, including 1918 and part of 1919. On November 22, 1919, the W. J. Marshall Company was incorporated, and transacted business until December 9, 1922, when it was adjudicated a bankrupt. The sole assets acquired by the corporation were those that had been owned by the partnership, except as to certain partnership property that was not transferred to the corporation. The corporation issued its stock to the two partners, W. J. Marshall and R. L. Crandall, in proportion to their respective interests. No other stock was subscribed or issued, except that $5,000 was issued to Mr. Barker, the bookkeeper, with the understanding that it was to be paid for out of the corporation's earnings. Nothing else was paid to the partnership for the assets thus acquired.

Both partners testified that the corporation assumed all of the partnership liabilities. In 1923 an assessment was made against the partnership by the Bureau of Internal Revenue, under the Act of October 3, 1917 (Comp. St. 1918, § 6336⅜ et seq.), for additional excess profit tax for the year 1917,

3 F.(2d)—13

amounting to $8,326.29. The government contends that this amount should be paid as a prior claim out of the assets in the hands of the trustee in bankruptcy of such corporation, under sections 3466 and 3467 of the United States Revised Statutes. The trustee denies the right of the government to participate at all, because the liability is on the partners, and not on the corporation, to pay such taxes, and further contends that, if the government be entitled to participate, it is not entitled to priority.

There was nothing on the books of the partnership at the time of the organization of the corporation to show that this claim for taxes existed. The referee held "that the bankrupt corporation is not liable for the taxes assessed against the partnership." The United States petitions for review.

1. The agreement entered into by the corporation, according to the testimony of the partners, who we may also in fairness say were the only stockholders of the corporation—for Mr. Barker seems to have been under no obligation to purchase the stock, unless his interest in the profits earned by the corporation was sufficient to pay for the same—was sufficiently comprehensive to make the corporation obligated for all liabilities of the partnership. The omission from the books of the corporation of any debt or record of other liability would not affect such agreement. Furthermore, while the partners, who were also the sole stockholders, did not know the exact amount of the tax, they could have known, theoretically, at least, that they were liable for such taxes at the time that the corporation took over the assets.

[2-4] 2. It is urged that the corporation is not obligated for the liabilities of the partnership, because there was no corporate action to that effect, and further because there was no writing agreeing to pay the debt of another as required by the statute of frauds. So far as is disclosed, there were no directors of this corporation, and the two real stockholders, Marshall and Crandall, were the president and secretary general manger, respectively. It would seem to be trifling not to hold that the corporation was bound when all of the stockholders took part in effecting the agreement, especially when the corporation as the result of such agreement acquired all the assets of the partnership. Even if the statute of frauds did require the agreement recited to be in writing, signed by the corporation, there had been such part performance as to take it out of the statute.

The Georgia courts have definitely decided that the mere fact that a corporation takes,

over the assets of a partnership to·carry on the same does not thereby make the corporation responsible for the partnership debts. Culberson v. Alabama Construction Co., 127 Ga. 599, 56 S. E. 765, 9 L. R. A. (N. S.) 411, 9 Ann. Cas. 507; Greenberg-Miller Co. v. Everett Shoe Co., 138 Ga. 729, 75 S. E. 1120. The better rule, when no consideration has been paid to the partnership for the transfer of its assets other than the issuance of stock of the corporation, and where the corporation has no other assets except those acquired from the partnership, is to the contrary, and is sustained by ample authority.

It is a rule of the common law that a corporation which succeeds to the business of a copartnership or a corporation, organized for the purpose of continuing the business, and takes over the assets thereof,· by so doing assumes the debts and liabilities of the partnership or corporation which it succeeds to the extent of the property so received. Cook, Stock and Stockholder (3d Ed.) § 671; Beach, Private Corporations, 360; Eans' Adm'r v. Exchange Bank, 79 Mo. 182; 2 Cook on Corporations (4th Ed.) 673; Austin v. Bank, 49 Neb. 412, 68 N. W. 628, 35 L. R. A. 444, 59 Am. St. Rep. 543; Reed Bros. v. Bank, 46 Neb. 175, 64 N. W. 701; Baker Furniture Co. v. Hall, 76 Neb. 88, 107 N. W. 117, 118, 111 N. W. 129, 113 N. W. 267. This view is sustained by the following, among other, cases: Sanger v. Upton, 91 U. S. 56, 64, 23 L. Ed. 220; Chicago, etc., Ry. v. Chicago Bank, 134 U. S. 276, 10 S. Ct. 550, 33 L. Ed. 900; Grenell v. Detroit Gas Co., 112 Mich. 70, 70 N. W. 413-414; DuVivier & Co. v. Gallice, 149 F. 118, 80 C. C. A. 556 (Second Circuit); Booth v. Bunce, 33 N. Y. 139, 88 Am. Dec. 372.

This question is to be determined by general rather than local law. Under the latter above-referred to rule the result would be that, independent of any agreement or corporate action affirmatively assuming the obligation to pay all liabilities of the partnership, such obligation would nevertheless exist.

[5] 3. It is further urged that, because the assessment of the amount of the tax had not been made until subsequent to the organization of the corporation and to its bankruptcy, the claim therefor cannot be set up now as against the creditors of the corporation. The reasons justifying a conclusion adverse to this contention are set forth in United States v. General Inspection Co. (D. C.) 192 F. 223. See, also, Penn. Cement Co. v. Bradley (D. C.) 274 F. 1003; United States v. Proctor (D. C.) 286 F. 272; New Jersey v. Anderson, 203 U. S. 483, 27

S. Ct. 137, 51 L. Ed. 284; Savings Bank v. United States, 19 Wall. 227, 22 L. Ed. 80. It is to be borne in mind that the corporation was not a bona fide purchaser for value.

4. The priority of the claim of the United States is upheld in principle in In re E. J. Hibner Oil Co. (C. C. A.) 264 F. 667; Davis v. Pullen (C. C. A.) 277 F. 650; In re Tidewater Coal Exchange (C. C. A.) 280 F. 648. It is not apparent from the record as to whether there is any issue as to the amount of the tax. If there be no such issue, the tax should be paid in full, as having priority before the payment to the creditors, and the referee may act accordingly. If there be such issue, let the referee determine such issue.

The decision of the referee is overruled, and it is held that the government is entitled to prior payment of the full amount of the tax that either has been or may be ascertained.