## In re GRAND LEADER.

(District Court, N. D. Texas, at Dallas. May 15, 1925.)

No. 1901.

Bankruptcy ⊜⊃346—Taxes assessed against predecessor of bankrupt corporation personal liability of bankrupt, entitled to priority against general creditors.

Where corporation was succeeded by partnership, and partnership by bankrupt corporation, each taking over the assets and business and assuming the obligations of its predecessor, government's claim for income taxes assessed against the first corporation is a personal liability of bankrupt—which the law requires to be paid ahead of general creditors—both because bankrupt received the assets as a privy successor and continued the same business, and because it assumed to pay the claim.

In Bankruptcy. In the matter of the Grand Leader, bankrupt. On trustee's motion to set aside judgment allowing the tax claim of the United States with priority of payment, and for judgment allowing the claim without priority. Denied.

See, also, 5 F.(2d) 509.

Henry Zweifel, U. S. Dist. Atty., and Norman A. Dodge, Sp. Asst. U. S. Atty., both of Ft. Worth, Tex., for the United States.

Church, Read & Bane and Prentice Wilson, all of Dallas, Tex., for trustee.

MEEK, District Judge. In the matter of the Grand Leader, bankrupt, the trustee of the estate has filed a motion seeking to have judgment entered allowing the tax claim of the United States with priority of payment set aside and asking a judgment allowing the government's claim for taxes without priority of payment, as it was allowed by the referee. The motion constitutes as well a brief of argument and authorities.

While the certificate was before me for consideration, the attorneys for the trustee of this estate did not submit any argument or brief at all upon the questions, and they did not appear until after the decision was filed on April 25th.

I have considered the grounds of the motion submitted and will pass upon them.

The trustee complains of my finding as to the personnel of stockholders of the bankrupt corporation.

The referee in charge of this matter had allowed this tax claim of the government against this estate as a general creditor without granting priority of payment. This fact makes the personnel of such stockholders immaterial in this connection, because the

referee by his order had established this tax indebtedness against the bankrupt corporation as proper. In this motion the trustee prays that this be done. All that the court did was to fix priority of payment of this tax claim, and this because of the provisions of the bankruptcy act itself.

The main assets belonging to the partnership that preceded the bankruptcy corporation were the stock of goods then on hand and the fixtures that were holding those goods.

The record from the referee concerning the fixtures did not satisfy the court as to whether the fixtures were mortgaged or free; if mortgaged, to what extent when considered in view of the value of the fixtures? The last questions and answers of the witness Cecil, who was the chief owner of this business, are as follows:

"Q. The mortgage on the fixtures was executed by the bankrupt corporation? A. You can determine that by looking at the record of when the mortgage was filed.

"Q. Was it given on fixtures other than those purchased then? A. No.

"Q. So the old fixtures from the old corporation and the partnership to the new corporation, was there any mortgage on them? A. Not that I know of."

The testimony shows that an expansion of the business of the Grand Leader occurred about the time of, or shortly after, the dissolution of the old corporation, when additional fixtures were required upon which a mortgage was given. No mortgage was given other than on the fixtures purchased at the time of the mortgage. The old fixtures were not incumbered if the evidence on the subject is correct.

The government is not seeking to displace any mortgage lien, and the contest here is one of its right to priority of payment over the general creditors of the bankruptcy estate.

In the motion of the trustee, now before me, the allegation is made that the store fixtures were mortgaged and that he has sold these fixtures on the order of the referee in order to take care of the mortgage that was on them for their purchase price. But it also appears from the allegation of the motion that the trustee now has on hand money belonging to this bankruptcy estate in an amount more than sufficient to care for this tax claim and against which amount there is not claimed to be any outstanding liens or mortgages. Therefore he should use sufficient of this amount to meet this tax claim of the United States.

To restate conclusions expressed in my original opinion, I state the liability of the bankrupt for the government tax in this case exists as urged by its counsel (a) because the bankrupt received the assets as a privy successor and continued the same business, which assets largely exceeded the amount of the claim; and (b) because the bankrupt assumed to pay the claim either one of which established the claim as a personal liability which the law requires to be paid in advance of dividends to general creditors. In re Marshall G. Co. (D. C.) 3 F.(2d) 192; Heyward v. U. S. (C. C. A.) 2 F.(2d) 467.

The prayer of the trustee's motion wherein he prays that judgment be entered here allowing the government's claim for taxes, but disallowing its claim for priority of payment, must be denied the trustee, and the government's claim for taxes due from the bankrupt must be allowed with priority of payment as by the order entered by me on the 25th day of April, 1925.