## In re JOHNSON-HART CO.

District Court, D. Minnesota, First Division.
August 22, 1929.

184

Cox, Weeks & Kuhlman, of Minneapolis, Minn., for petitioners.

John A. Pearson and R. F. Schroeder, both of St. Paul, Minn., for trustee.

SANBORN, District Judge. In 1924, certain individuals, for the purpose of taking over the assets and the business of a mercantile establishment at Lanesboro, Minn., attempted to organize a South Dakota corporation. Articles of incorporation were signed, but were not filed. It was supposed by those interested that they had formed the corporation. They took over the business and operated as a corporation under the proposed corporate name. They issued stock to themselves as subscribers, transferred stock, borrowed money, made income tax returns to the government, and made credit statements to mercantile agencies and to jobbers, all as a corporation. They did not discover until late in 1926 or early in 1927 that they had failed to perfect their corporate organization. Shortly after they made this discovery, and on January 13, 1927, they filed their original articles in South Dakota, as required by law, and obtained authority to do business in Minnesota. Upon the corporate books appears a resolution ratifying what had formerly been done under the guise of a corporation, and assuming obligations theretofore created. Whether this constituted proper corporate action was in dispute, and the referee found that it did not. However, the corporation went forward from that time until the time of bankruptcy, February 24, 1928, with the same business, at the same place, in the same way, and with the same assets, managers, employees, books, and records as theretofore. It paid off considerable indebtedness incurred prior to incorporation, and, so far as outward appearances were concerned, no change whatever had taken place, although, in contemplation of law, what was formerly probably a partnership had become a corporate entity.

■ After bankruptcy, the claims above referred to, which were all incurred prior to incorporation, were filed, and, being objected to, the referee found that they were not liabilities of the bankrupt. He determined that, prior to the filing of the articles, there was not even a de facto corporation, and that the bankrupt was insolvent when its articles were filed. In view of the fact that no attempt was made to file the articles anywhere or to take any of the steps required by law, other than the drawing up of the articles of incorporation, the referee was no doubt correct in his conclusion that there was no corporation de facto.

It seems to have been fairly well settled that, where the circumstances attending the succession of a new corporation to the assets and business of an old corporation warrant the conclusion that the new corporation is simply a continuation of the old, it becomes liable for the debts of the corporation to the business and assets of which it has succeeded. See Skirvin Operating Co. v. Southwestern Electric Co., 71 Okl. 25, 174 P. 1069, 15 A. L. R. 1104, and cases referred to in note; also American Railway Express Co. v. Commonwealth of Kentucky, 190 Ky. 636, 228 S. W. 433, 30 A. L. R. 543, and note.

■ More difficulty is encountered with the question of assumption of liabilities when a corporation has succeeded to the business and assets of a copartnership or an individual, but it seems safe to say that the same rule prevails where copartners incorporate themselves simply for the purpose of taking over their own assets and continuing their own business. In re W. J. Marshall Co. (D. C.) 3 F.(2d) 192; In re Stone-Moore-West Co. (D. C.) 292 F. 1004; In re C. W. Aschenbach Co. (C. C. A.) 174 F. 396; Du Vivier & Co. v. Gallice (C. C. A.) 149 F. 118; In re A. G. Crosby Co. (D. C.) 199 F. 344; Andres v. Morgan, 62 Ohio St. 236, 56 N. E. 875, 78 Am. St. Rep. 712; Ziemer v. Bretting, 147 Wis. 252, 133 N. W. 139, Ann. Cas. 1912D, 1275; and see cases cited in note to Skirvin Operating Co. v. Southwestern Electric Co., supra. Furthermore, an agreement to assume, like any other fact, may be established by circumstantial evidence.

■ Had the Johnson-Hart Company not become bankrupt, and had these claimants brought suit against it, how could the company have escaped liability? The corporate books showed an attempted ratification of the doings of the partnership, thereafter recognized, the payment of debts of the same class after incorporation, and all the circumstances disclose the intention on the part of those interested in the company to treat the business done after incorporation as a mere continuance of the business of the partnership and to assume and pay the partnership obligations. If the corporation itself could not have escaped liability for these debts, they were certainly liabilities which were provable in bankruptcy.

■ There is a finding of insolvency at the time the articles were filed. The claimants

contend that such a finding is not justified by the evidence. There is no finding and no claim that the filing of the articles was in any way tainted with bad faith or actual fraud. Under the circumstances, the financial condition of the organization at the time of incorporation, when the assumption of partnership obligations took place, could not affect its legal liability to the partnership creditors. It might well affect the liability of those who became stockholders upon the filing of the articles, to make good any impairment of capital which then existed, but that is a question which is not presented upon this review.

My conclusion is that the claims in question which were disallowed constituted liabilities of the corporation and were provable.

It appears from the record that, because of delay occasioned by the failure of the claimants to ask for a prompt review of the orders disallowing the claims, the referee made some allowances to counsel for the trustee which he says were in excess of what he would have allowed had these claims been found valid. Under the circumstances, it would seem reasonable that the claimants be required to bear pro rata any expense to the estate directly attributable to their delay; and it is noted that they offer to pay any reduction of attorneys' fees which the referee thinks would be appropriate because of increase in the amount of claims caused by this decision.

The orders of the referee disallowing the claims on the ground that they are not liabilities of the bankrupt are reversed, and he is directed to make such orders with respect thereto as are in accordance with this decision.