## BRADY et al. v. ANDERSON.*

(Circuit Court of Appeals, Second Circuit. February 8, 1917.)

No. 149.

INTERNAL REVENUE ☞7—INCOME TAXES—IMPOSITION.

The Sixteenth Amendment, under which Income Tax Act (Oct. 3, 1913, c. 16, 38 Stat. 166), was passed, was ratified February 28th of that year. Section 2 A, subd. 1, of the act (Comp. St. 1913, § 6319), declares that there shall be levied, assessed, collected, and paid, annually, upon the entire net income arising or accruing from all sources in the preceding calendar year to every citizen of the United States and every person in the United States, though not a citizen, a tax of 1 per cent. upon such income, etc. Subdivision D (Comp. St. 1913, § 6324) declares that the tax shall be computed upon the remainder of such net income of each person subject thereto accruing during the preceding calendar year ending December 31st, provided that for the year ending December 31, 1913, such tax shall be computed on the net income accruing from March 1st to December 31st of that year, after deducting five-sixths only of the specific exemptions and deductions provided for. Subdivision E (Comp. St. 1913, § 6325) declares that nothing in the section shall be construed to release a taxable person from liability for income tax, nor shall any contract entered into after the act takes effect be valid in regard to any federal tax, while subdivision G (a) (Comp. St. 1913, § 6327) declares that the normal tax imposed upon individuals likewise shall be levied, assessed, and paid annually upon the entire net income arising or accruing from all sources during the preceding calendar year to every corporation, joint-stock company, or association, and every insurance company. Plaintiff's testator died July 22, 1913, before the enactment of the statute. His executors, contending that the tax is against persons who are citizens or residents of the United States, sought to recover income taxes paid on the ground that deceased was not a citizen or resident at the time of the passage of

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied.

the act, having previously died. *Held* that, notwithstanding the tax is against citizens and residents of the United States, yet, as it was made retroactive, the constitutional amendment having been adopted February 28, 1913, it applied to deceased, and, as he could not personally make return, his executors are bound to make the same.

[Ed. Note.—For .other cases, see Internal Revenue; Cent. Dig. §§ 8–10.]

In Error to the District Court of the United States for the Southern District of New York.

Action by Nicholas F. Brady and others; executors of the last will and testament of Anthony N. Brady, deceased, against Charles W. Anderson, late Collector of Internal Revenue, Second District of New York. There was a judgment for defendant, and plaintiffs bring error. Affirmed.

Joline, Larkin & Rathbone, of New York City (John M. Perry, of Brooklyn, N. Y., and Charles A. Doolittle, Jr., of New York City, of counsel), for plaintiffs in error.

H. Snowden Marshall, U. S. Atty., of New York City (Ben. A. Matthews, Asst. U. S. Atty., of New York City, of counsel), for defendant in error.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

WARD, Circuit Judge. This is an action against the collector of internal revenue by the executors of Anthony N. Brady, deceased, to recover taxes assessed by the Commissioner of Internal Revenue and paid by them under protest upon income received by Brady during his lifetime before the Income Tax Act of October 3, 1913, imposing a tax, had been passed.

The Sixteenth Amendment, by virtue of which the statute was enacted, was ratified February 28, 1913, and the Supreme Court has for that reason held that Congress had power to make it retroactive to March 1, 1913. Brushaber v. Union Pacific R. R. Co., 240 U. S. 1, 20, 36 Sup. Ct. 236, 60 L. Ed. 493.

Anthony N. Brady died July 22, 1913, and his executors, in accordance with the requirement of the Commissioner of Internal Revenue, made a return of the income received by him between March 1, when the act went into effect, and July 22, 1913, when he died. The Commissioner assessed a tax of $61,654.72.

The case having come on for trial before Grubb, J., and each side having moved for the direction of a verdict, he directed a verdict for the defendant. This is a writ of error to the judgment entered thereon.

The questions presented are purely of law, involving only the construction of the statute. We confine ourselves to the consideration of the provisions relating to citizens and residents of the United States.

Section II of the act reads as follows:

"A. Subdivision 1. That there shall be levied, assessed, collected and paid annually upon the entire net income arising or accruing from all sources in the preceding calendar year to every citizen of the United States, whether residing at home or abroad, and to every person residing in the United States, though not a citizen thereof, a tax of 1 per centum per annum upon such income except as hereinafter provided; and a like tax shall be assessed, levied, collected, and paid annually upon the entire net income from all property

owned and of every business, trade, or profession carried on in the United States by persons residing elsewhere. * * *

"D. The said tax shall be computed upon the remainder of said net income of each person subject thereto, accruing during each preceding calendar year ending December thirty-first: Provided, however, that for the year ending December thirty-first, nineteen hundred and thirteen, said tax shall be computed on the net income accruing from March first to December thirty-first, nineteen hundred and thirteen, both dates inclusive, after deducting five-sixths only of the specific exemptions and deductions herein provided for. On or before the first day of March, nineteen hundred and fourteen, and the first day of March in each year thereafter, a true and accurate return, under oath or affirmation, shall be made by each person of lawful age, except as hereinafter provided, subject to the tax imposed by this section, and having a net income of $3,000 or over for the taxable year, to the collector of internal revenue for the district in which such person resides or has his principal place of business, or in the case of a person residing in a foreign country, in the place where his principal business is carried on within the United States, in such form as the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury shall prescribe, setting forth specifically the gross amount of income from all separate sources and from the total thereof, deducting the aggregate items or expenses and allowance herein authorized; guardians, trustees, executors, administrators, agents, receivers, conservators, and all persons, corporations, or associations acting in any fiduciary capacity, shall make and render a return of the net income of the person for whom they act subject to this tax, coming into their custody or control and management, and be subject to all the provisions of this section which apply to individuals. * * *

"E. * * * Nothing in this section shall be construed to release a taxable person from liability for income tax, nor shall any contract entered into after this act takes effect be valid in regard to any federal income tax imposed upon a person liable to such payment. * * *

"The provisions of this section relating to the deduction and payment of the tax at the source of income shall only apply to the normal tax hereinbefore imposed upon individuals. * * *

"G. (a) That the normal tax hereinbefore imposed upon individuals likewise shall be levied, assessed, and paid annually upon the entire net income arising or accruing from all sources during the preceding calendar year to every corporation, joint-stock company or association, and every insurance company, organized in the United States, no matter how created or organized, not including partnerships; but if organized, authorized, or existing under the laws of any foreign country, then upon the amount of net income accruing from business transacted and capital invested within the United States during such year. * * *"

The plaintiffs contend that the tax is against persons who are citizens or residents of the United States. The government contends that the tax is upon the property and not upon the person, which was the view taken by the trial judge.

The plaintiffs argue that as Brady, having died July 22d, was neither a citizen nor a resident of the United States October 3, 1913, at the time the act was passed, its language does not authorize collection of any tax upon income received by him. On the other hand, the government says that as the tax is upon the property, it makes no difference whether Brady was living or dead at that time.

In our opinion the tax is against the citizens and residents of the United States personally. They are chargeable in respect to income received by them. The statement that the tax is upon this income does not create an obligation in rem. It is only a way of saying that the owner is taxable with reference to the income. Taxable persons are spoken of throughout the act. The effect of making the act retroactive is, in

our opinion, to apply it to Brady exactly as if it had been enacted March 1, 1913, and as, by reason of his death, he cannot make a return, his executors, into whose hands his estate has come, must do so.

The judgment is affirmed.