## Martin v. City of Lexington.

(Decided March 28, 1919.)

### Appeal from Fayette Circuit Court.

Corporations—Wrongful Receipt of Assets—Accounting.—One who owns all of the capital stock of a corporation and who converts to his own use the corporate assets without paying its debts, must respond personally to creditors to the extent of the value of the corporate assets thus wrongfully received by him.

RICHARD C. STOLL and WILLIAM H. TOWNSEND for appellant.

JOHN G. DENNY and J. EMBRY ALLEN for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

On September 1, 1914, Curry, Brown & Snyder, a corporation engaged in the wholesale grocery business, assessed for taxation in the city of Lexington for 1915, personal property of the value of $60,300.00, and the taxes thereon were due one half June 1, 1915, and the remaining half on December 1, 1915.

By subsection A, section 3187, Ky. Statutes, cities of the second class, to which Lexington belongs, are given the power to enforce the collection of taxes remaining unpaid for thirty days after becoming due "by all remedies given for recovery of debt in any court of this Commonwealth otherwise competent for that purpose," and may consequently, by statutory authority, recover personal judgment against the party owing same when due. On February 8, 1915, all the owners of the capital stock in this corporation sold, transferred and delivered to E. L. Martin their shares of stock, for which he settled with them individually at its par value, as is conclusively established by the evidence, although Martin attempts to construe the transaction to have been the purchase by him of the assets rather than the capital stock of the corporation, admitting, however, that he

assumed and paid all of the corporate debts except this and one other, and that he paid for the business the par value of the capital stock, the certificates for which later came into his possession. After this transaction Martin took charge of the business and commingled with its stock of merchandise his own previously owned merchandise of the same kind.

In June, 1916, the city instituted this action against the corporation, Curry, Brown & Snyder, its stockholders and Martin to recover these taxes long since past due and unpaid, with interest and penalties.

The trial resulted in a personal judgment against Martin for the amount due, with a lien upon so much of the property still owned by Martin and formerly owned by the corporation, as could be identified as the same as that assessed. Martin has appealed only from the personal judgment against him.

Since Martin purchased and became the owner of all of the capital stock of the corporation, and thereafter commingled its assets with other like property of his own and converted same to his own use, leaving nothing to the corporation with which to pay its debts, there can be no doubt of his personal liability for the corporate indebtedness, because of the thoroughly established and correct principle of law that stockholders who divide up and convert to their own use corporate assets without paying its debts must respond personally to creditors to the extent of the value of the corporate assets thus wrongfully received by them; and there is no question but that Martin received all of the assets of the corporation and largely in excess of the amount of this indebtedness. Some of the cases from this court so holding are Gratz v. Redd, 4 B. Mon. 178; Grant Assg., &c. v. Southern Contract Co., &c., 104 Ky. 781. and Martin v. Comth., 181 Ky. 212.

The statute, *supra,* applicable to cities of the second class, and expressly empowering them to enforce payment of taxes by "all remedies," and therefore by ordinary processes for personal judgment, obviates in this case the only question that gave the court any serious trouble in Martin v. Com., *supra,* where such authority for a personal judgment was lacking.

Wherefore the judgment is affirmed.