## UNITED STATES v. McHATTON et al.

### (District Court, D. Montana.   May 6, 1920.)

### No. 301.

**Internal revenue ⚎7—Stockholders receiving assets of dissolved corporation liable for income tax of corporation.**

Stockholders of a corporation, who received in distribution the entire proceeds of its property on its dissolution in 1916, after payment of its federal excise tax, but before the passage of Income Tax Act Sept. 8, 1916, § 10 (Comp. St. 1916 or 1918, § 6336j), increasing the amount of the tax on the net income of all corporations for that year, *held* liable for the increased tax.

At Law.   Action by the United States against John J. McHatton and others.   On demurrer of defendants.   Overruled.

W. W. Patterson, Asst. U. S. Atty., of Helena, Mont.

Charles R. Leonard and F. C. Fluent, both of Butte, Mont., for defendants.

BOURQUIN, District Judge.   The complaint alleges that a Montana corporation sold all its property, distributed the proceeds to stockholders, including defendants, thereby became dissolved, reported its net income for 1916, and paid the federal excise tax of 1 per cent. thereon, all prior to the act of Congress of September 8, 1916 (Comp. Stats. § 6336j et seq.), imposing a tax of 2 per cent. upon the net income for that year of all corporations.   It alleges the additional 1 per cent. has been demanded and is unpaid, and seeks judgment for that amount.   A general demurrer only is interposed.   Overruled.

It was the corporation's duty to pay all taxes lawfully imposed upon it.   Taxes can be thus imposed by retrospective law.   Brushaber v. Railway Co., 240 U. S. 20, 36 Sup. Ct. 236, 60 L. Ed. 493, Ann. Cas. 1917B, 713, L. R. A. 1917D, 414.   The corporate duty of payment cannot be escaped by dissolution.   U. S. v. Loading Co. (D. C.) 192 Fed. 223.   And see 28 Op. Attys. Gen. 241; Brady Case, 240 Fed. 665, 153 C. C. A. 463, certiorari denied 244 U. S. 654, 37 Sup. Ct. 652, 61 L. Ed. 1373.

Although taxes are not debts, and in respect to them the government is not a creditor, both being of higher nature, no reason is perceived why they are not within the principle that those who gratuitously take all a debtor's property, to the extent thereof, may be held to respond for his present debts and obligations, inchoate or vested, or for the damages thereby inflicted—the sometime "trust fund" doctrine, so far as corporations are concerned.

When defendants took the corporation's property, there was right in plaintiff to thereafter impose further taxes.   To pay any such taxes was then an obligation of the corporation.   The right was in its nature inchoate; the obligation was contingent.   Defendants took subject thereto.   The contingency happened; the right vested.   The act of September 8, 1916, to this extent takes effect by relation as of the first of the year, and prior to distribution and dissolution.

Accordingly defendants are liable.