# CHARLESTON.

## H. H. FARLEY et al. v. S. B. LAWSON

(No. 5638)

Submitted November 16, 1926.   Decided November 23, 1926.

1. INTERNAL REVENUE—*Stockholders, Who on Dissolution of Corporation, Continued Business as Partnership, Were Liable for Federal Taxes Subsequently Assessed Against Corporation (Act Feb. 24, 1919, § 1307 [U. S. Comp. St. § 6371½g]).*

   A corporation voluntarily conveyed all of its property to its stockholders, and then formally dissolved. The grantees continued the business of the corporation as a partnership, using the property received from the corporation in that business. Later certain taxes were assessed against the corporation by the Federal Government. Held: The stockholders took the corporation assets subject to the obligation of the corporation to pay its taxes and were liable therefor. Their liability is based on the fact that they are the recipients of the corporation property and does not grow out of the partnership relation.   (p. 602.)

2. PARTNERSHIP—*Agreement of Partner Buying Copartner's Interest to Pay All Obligations of Seller Incurred by Reason of Partnership Did Not Require Him to Pay Proportionate part of Federal Taxes Levied on Dissolved Corporation, Whose Stockholders Continued Its Business as Partnership (Act. Feb. 24, 1919, § 1307 [U. S. Comp. St. § 6371½g]).*

   One partner sold his interest in the above partnership, the purchaser agreeing to assume all obligations incurred by the seller "by reason of the partnership." The obligation of the seller to pay his proportionate part of the taxes of the above corporation, not being a debt of the partnership, is not assumed by the purchaser.   (p. 604.)

Error to Circuit Court, Logan County.

Assumpsit by H. H. Farley and another, partners, against S. B. Lawson. Judgment for defendant, and plaintiffs bring error.

*Reversed; new trial awarded.*

*Chafin & Estep,* for plaintiffs in error.
*C. S. Minter* and *C. C. Chambers,* for defendant in error.

HATCHER, JUDGE:

Logan Hospital Association, a corporation, was owned and operated by plaintiffs Farley and Steele and defendant Law-. son. In June, 1919, it voluntarily conveyed to each of these parties an undivided one-third interest in all its property both real and personal. Shortly after this conveyance, the corporation was formally dissolved. Both the name and the business of the corporation were continued by the three grantees as a partnership until the summer of 1920, when Lawson conveyed his undivided one-third interest in all the partnership property to Farley. Farley and Steele then conducted the hospital as a partnership.

In 1923 the U. S. Government notified the Association that it owed $18,000.00 (approximately) as income taxes for the years 1917, 1918, and a part of 1919. This notice was received by Farley and Steele. Lawson was informed of the claim but refused to have anything to do with it. After some negotiations, the demands of the Government were reduced to $2401.63. That sum was paid by Farley and Steele.

This is an action in assumpsit brought in the circuit court of Logan county by Farley and Steele to recover of Lawson $800.54 as one-third of the amount so paid the Government, and $307.85 as one-third of the expenses of investigating and settling the claim. At the close of the trial a peremptory instruction was given the jury to find for the defendant.

The plaintiffs base their case on two established legal principles, (1) when a corporation dissolves and conveys its property to its stockholders without setting apart money to pay its debts, each stockholder becomes liable for the debts of the corporation to the extent of the value of the property he receives, and (2) when one of several joint debtors pays the whole debt, he may recover from each of the others his proportionate share. *Pierce* v. *U. S.*, 255 U. S. 398 (403); *U. S.* v. *Updike*, 1 Fed. 2nd. Series, 550; *U. S.* v. *McHatton*, 266 Fed. 602; *Martin* v. *City of Lexington*, 183 Ky. 714; *Brown* v. *Coal Co.*, 95 W. Va. 658 (668); Holmes Fed. Taxes, 6th Ed. 302; Kittle on Assumpsit 220.

The defendant concedes in his brief the correctness of the legal principles asserted by plaintiffs. But owing to the fact that the parties treated the corporation as a partnership, he contends that the income tax was "an obligation of the three partners, Steele, Lawson and Farley, which fell upon them jointly and equally by virtue of accepting the corporate property from the corporation", and that his proportionate part of the taxes was assumed by Farley by reason of a covenant in the deed to Farley which is as follows: "The said H. H. Farley hereby assumes and agrees to pay the one-third of all debts, bills, liabilities and obligations owed by the said S. B. Lawson, L. E. Steele and H. H. Farley as partners, which are unpaid on the first day of September, 1920, incurred by reason of the partnership existing between them in connection with said Logan Hospital, and the said H. H. Farley covenants to and with the said S. B. Lawson that he will save him harmless by reason of such bills and obligations."

The obligations against which Farley was to save Lawson harmless in the above covenant were limited to the obligations of Lawson, Steele and Farley "as partners * * * incurred by reason of the partnership." If the obligation to pay the taxes was incurred by these parties in any capacity other than that of partners then the covenant has no application.

Congress having in mind that instances would arise where the provisions for the collection of income taxes were inadequate or lacking, provided for such contingencies as follows: "In all cases where the method of collecting the tax imposed by this Act is not specifically provided in this Act, the tax shall be collected in such manner as the Commissioner, with the approval of the Secretary may prescribe." Act Feb. 24th, 1919 C. 18, Sec. 1307. (See also Barnes' Fed. Code 1919, Sec. 5649.) No method of collecting taxes against a dissolved corporation was specifically provided in the Act. It therefore became the duty of the Commissioner (with the approval of the Secretary) to prescribe the manner in which such taxes should be collected. The Commissioner did so, and promulgated Regulation 33, Art. 61, which required dissolving cor-

porations to reserve funds to cover income tax, and in case of failure to do so, provided that the tax should be collected by suit against the stockholders. This Regulation not only has the effect of a legislative act, but it bears the approval of the Federal court. *U. S.* v. *Updike, supra.* By virtue of this Regulation, the liability of Lawson is that of stockholder and not of partner.

The liability of Lawson under the general law is the same as under the Regulation. No matter how the parties hereto regarded the corporation or their interests therein, the legal entity of the corporation was maintained during the period the taxes accrued, and it was against the corporation as such that the taxes were assessed. Farley, Steele and Lawson took the property of the corporation subject to the inchoate obligation of the corporation to pay all taxes properly assessable against it. "Those who gratuitously take all of a debtor's property, to the extent thereof, may be held to respond for his present debts and obligations, inchoate or vested." *U. S.* v. *McHatton, supra.* "It must be conceded that where upon the dissolution of a corporation, its assets are distributed among the stockholders, the stockholders become liable to the creditors of the corporation, at least to the extent of the property received by them." *U. S.* v. *Auto. Co.,* 285 Fed. 410 (419). Therefore Farley, Steele and Lawson became responsible for the corporation's taxes, solely because they were the recipients of the corporation's assets. Their liability as such recipients is associated in no way with their subsequent relation as partners. It would be the same had their partnership never been formed.

The deed from Lawson to Farley is made with general warranty and contains a special covenant that the interest thereby conveyed was free from all liens, debts and encumbrances. That interest included the same property which Lawson received from the corporation. That property came to him subject to the inchoate claim of the Government for taxes. That property was still burdened with that encumbrance when he conveyed it to Farley. Lawson's interest was accordingly not free from obligations, as he had warranted in his special cove-

nant.  Because of that breach of covenant, Lawson has no defense herein even under his theory of partnership liability for the Government taxes.

The plaintiffs were entitled to recover and the peremptory instruction in favor of defendant was error.

The judgment of the lower court is therefore reversed and a new trial awarded.

*Reversed; new trial awarded.*