*158 OPINION.
Lansdon:
The record shows that immediately following the acquisition of all its stock by Nelson-Hall Co. the taxpayer was dissolved without any distribution of regular or liquidating dividends. In such circumstances it must be presumed that all the assets of the dissolved corporation were acquired by its only stockholder prior to or at the date of dissolution. It is clear, therefore, that, by action of law, the Nelson-Hall Co. became the transferee of all the assets of the taxpayer at date of dissolution thereof. C. R. Goudie, 3 B. T. A. 901; B. F. Joel et al., 9 B. T. A. 1027. In 1925 the petitioner, then owning all the stock of Nelson-Hall Co., acquired the assets *159 of that concern, including the property transferred to it by the taxpayer less than one year before. The directors of Nelson-Hall Co. indulged in some sort of corporate action, the nature of which is not clear, but the eifect was to divest that concern, then about to be dissolved, of title to all its assets and transfer the same to the petitioner. Whether such action was a distribution to the stockholders or a transfer by deed or bill of sale to the petitioner is not material, since the petitioner was the only stockholder and received the assets without consideration other than the stock and cash it paid for the stock of the Nelson-Hall Co. In each instance the procedure employed was in effect and in fact a distribution of all the assets of a corporation in process of dissolution to its stockholders.
It is now well established that stockholders of a corporation in process of dissolution receive the property subject to the debts of the dissolved corporation. In Wood v. Dummer, 30 Fed. Cas. 435, No. 17,944, the court is unable to distinguish between a dissolved corporation stripped of assets by a distribution to stockholders and one that is insolvent. He says:
* * * If the capital stock is a trust fund [and he holds that it is], then it may be followed by the creditors into the hands of any persons having notice of the trust attaching to it. As to the stockholders themselves, there can be no pretense to say, that, both in law and fact, they are not affected with the most ample notice.
The doctrine of following trust funds into the hands of any persons, who are not innocent purchasers, or do not otherwise possess superior equities, has long been established. * * ⅜
In Updike v. United States, 8 Fed. (2d) 912, Judge Van Valkenburgh says:
It must be conceded that if the corporation was subject to this tax, and if its property distributed upon dissolution constitutes a trust fund on behalf of creditors or those entitled to be paid out of its assets, the stockholders who received its property in distribution must be held to respond to the extent of their receipts under such distribution. The trust fund doctrine has been held not to apply to solvent going concerns; but dissolution, in this respect, has the same effect as insolvency. Broughton v. Pensacola, 93 U. S. 266, etc.; McDonald v. Williams, 174 U. S. 397, etc. Its property then becomes a trust fund for the benefit of creditors and those sustaining a like position under the law; and, if that property has been distributed to stockholders, it remains impressed with the same trust. Citing United States v. McHatton, et al. (D. C.) 266 F. 602 and many other cases.
* * * * * * *
It has, therefore, been held that the assets of a dissolved corporation may be followed as in the nature of a trust fund, into the hands of stockholders, and that, whore the debt was not judicially established by action against the corporation before its dissolution, it may be presented and its validity determined in the equitable suit to enforce such liability of the stockholders. Citing McWilliams v. Excelsior Coal Co., 298 F. 884; Champagne Lumber Co. v. Jahn, 168 F. 510.
*160 Aa the taxpayer and the primary transferee has each divested itself of title to assets subject to distraint for Federal taxes due and unpaid and each is dissolved, we think it follows that the petitioner, having acquired such assets still impressed with a trust in favor of the creditors of the taxpayers in the manner set forth above, is liable under section 280 of the Revenue Act of 1926 for any part of the deficiency asserted against the taxpayer that may be found on re-determination to be due and unpaid, but only to the extent of the value of the assets originally owned by the taxpayer which it acquired from the Nelson-Hall Co. Grand Rapids National Bank, 15 B. T. A. 1166.
Upon the evidence we are convinced that a composite rate of 10 per cent of the cost of the petitioner’s tangible property is a reasonable basis for the computation of depreciation of the taxpayer’s tangible assets in the year 1919.

Decision will Toe entered wider Rule 50.