GORTON ROTH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ELIJAH STOCKHAM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 22568, 22569.   Promulgated July 5, 1932.

*A. G. Ellick, Esq., Wayne Johnson, Esq., R. S. Doyle, Esq.,* and *John Enrietto, Esq.,* for the petitioner.

*M. J. O'Connor, Esq.,* for the respondent.

OPINION.

GOODRICH: Petitioners plead the bar of the statute of limitations, urging that the returns filed by the company required under the revenue acts in force during that part of the year 1917 in which the company was in existence, and reflecting its business done in that period, were sufficient to start the running of the statute and that, consequently, collection of the liability now asserted became barred on July 25, 1922, under the provisions of section 250 (d) of the Revenue Act of 1921, and the liability itself was extinguished by section 1106 (a) of the Revenue Act of 1926. This contention has been decided heretofore adversely to them in cases which so clearly and so squarely raise this precise issue that discussion is unnecessary. *Brady* v. *Anderson*, 240 Fed. 665; *United States* v. *McHatton*, 266 Fed. 602; *United States* v. *Boss & Peake*, 285 Fed. 410; *Beam* v. *Hamilton*, 289 Fed. 9; *United States* v. *Updike*, 1 Fed. (2d) 550; affd., 8 Fed. (2d) 913; *United States* v. *Updike*, 25 Fed. (2d) 746; affd., 32 Fed. (2d) 1; affd., 281 U. S. 489.

Section 602 of the Revenue Act of 1928 lays upon respondent the full burden of proof with respect to the liability of a petitioner as a transferee of property of a taxpayer. From the facts it is obvious that petitioner Roth is not a transferee of property of the company, for he was not a stockholder therein and received no assets or distributions whatsoever therefrom. Consequently, he is in nowise liable for the deficiency now asserted against the company. It is conceded that petitioner Stockham is a transferee of the company, but respondent has failed to show us the nature and value of the property he received upon its liquidation. The rule that the burden of proof upon respondent includes showing the value of the property received by a transferee and, consequently, the extent of his liability, needs no citation. The only evidence on this matter submitted to us is disclosed by the joint return filed by Stockham and his wife for the year 1917, reporting a loss in the amount of $3,125 sustained from the sale of elevators to Updike Grain Company. The sale price is reported as $15,375, the original cost as $18,500, and an explanation is given as follows:

These elevators purchased of Updike Gr. Co. by E. Stockham Gr. Co. July 1, 1915. After liquidation and dissolution of E. S. Gr. Co. Inc. Sept. 17th E. Stockham having taken these over at list price sold to Updike Gr. Co.

This is not enough to prove the value of property received by Stockham as transferee. He assumed the then existing liabilities of

the company. The elevators may have been encumbered with debt; his wife may have been interested in this sale because of her ownership of 100 shares of stock in the company; he may have discharged liabilities of the company in excess of the value of property received—we do not know, for there is no evidence as to these matters sufficient to disclose the value of the assets transferred. Therefore, respondent has failed to show affirmatively the extent of Stockham's liability in equity as a transferee.

But it is urged that, by assuming the liabilities of the Grain Company, Stockham, upon his contract, is liable at law for the tax asserted against the company, regardless of the value of the property received by him as transferee of the corporation. With that we do not agree. On September 17, 1917, Stockham by contract assumed all the liabilities of the company " existing as of this date." While the income of the company upon which the present tax was levied had then been earned, it was not until October 3, 1917, that the revenue act under which this deficiency is asserted was enacted. Can it be said that the tax liability upon the income earned prior to September 17, 1917, as determined under an act passed subsequent thereto was a liability existing on that date, and, as such, was assumed by Stockham under his contract? We think not. We must assume that, in making his offer to take over the then existing liabilities of the company, Stockham had in mind certain definite and present liabilities and that in accepting his offer the company accepted it as thus limited. At that time there was no present liability under the Act of October 3, 1917, for that act did not then exist. Neither Stockham nor the company had knowledge that Congress would subsequently pass the act increasing the taxes imposed upon the company's income already earned, nor were they required to speculate as to what Congress might do in the future. We think it clear that the subsequent act did not have the effect of creating, as a present, existing liability on September 17, 1917, a liability which on that date was, in fact, nonexistent. Cf. *Untermeyer* v. *Anderson*, 276 U. S. 440; *Blodgett* v. *Holden*, 175 U. S. 142; *Metropolitan Securities Corporation*, 19 B. T. A. 299. Stockham might have included in his contract the assumption of liabilities arising as a result of future Congressional enactment, but, as is apparent from the plain terms of his offer, he did not do so. Since no liability for the tax here in question was specifically assumed by the contract, it can not be construed as one made for the benefit of the United States as to the assumption of tax liability which did not exist at that time. Cf. *Samuel Keller*, 21 B. T. A. 84; aff'd., 59 Fed. (2d) 499. Consequently, petitioner is not liable at law for the present claim under his agreement to assume the existing liabilities of the company.

In this view of the case it is unnecessary to consider the remaining issue and there will be entered in each proceeding,

*Judgment of no transferee liability.*