MANHATTAN LIFE INSURANCE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32940. Promulgated April 23, 1935.

*John F. McCabe, Esq.*, for the petitioner.
*John D. Kiley, Esq.*, for the respondent.

OPINION.

ARUNDELL: The stipulation of the parties as to the amount deductible as 4 percent of the mean of its reserve funds is in accordance with the opinion in *National Life Insurance Co.* v. *United States,* 277 U. S. 508. The decrease in the amount of tax resulting from this stipulation will be given effect in the recomputation under Rule 50.

The only question for decision is whether or not petitioner is entitled to deduct taxes, expenses, and depreciation on its home office building in the sum of $67,619.30. There is no issue as to the amounts making up this sum nor as to the actual payment of taxes and expenses. It appears from the deficiency notice that the respondent's disallowance is based on the fact that the petitioner did not own the building at the end of the year.

Paragraphs 6 and 7 of section 245 (a) of the Revenue Act of 1926 allow deductions for taxes, expenses, and depreciation of property of life insurance companies. Section 245 (b) provides that the deductions permitted by paragraphs 6 and 7 of subdivision (a) may not

be taken unless the insurance company includes in gross income the rental value of the space occupied by it. The validity of this condition to the allowance of deductions has been sustained in *Helvering* v. *Independent Life Insurance Co.*, 292 U. S. 371. Section 245 (b) concludes with this provision:

* * * Such rental value shall not be less than a sum which in addition to any rents received from other tenants shall provide a net income (after deducting taxes, depreciation, and all other expenses) at the rate of 4 per centum per annum of the book value at the end of the taxable year of the real estate so owned or occupied.

The respondent's position, as we understand it, is that literal compliance with the above quoted provision is necessary to the allowance of the deductions under section 245 (a) (6) and (7), and, as the taxpayer did not own the real estate " at the end of the taxable year ", it could not fully meet the statutory provision; consequently, it is not entitled to the deductions claimed. This is the respondent's position as we gather it from the notice of deficiency. No brief has been filed on behalf of the respondent and so we do not know whether or not he has any other ground to support his position.

It is beyond question that " Congress has power to condition, limit, or deny deductions from gross income in order to arrive at the net that it chooses to tax." *Helvering* v. *Independent Life Insurance Co.*, *supra*. If the last sentence of section 245 (b) could be taken to be a condition or limitation of a deduction there might be some merit to the respondent's position. The condition is imposed by the preceding sentence, and the last sentence merely prescribes a method of calculation of the rental value to be included in income as a condition to the deductions for taxes, expenses, and depreciation. One of the factors in this calculation is " book value at the end of the taxable year." If the respondent's position is correct, a taxpayer owning property up to the last day of the year would be denied deductions in connection with it if the property were sold on the very last day. In other words, as said by petitioner, the only time that a sale could be made by an insurance company, and have the benefit of the deductions enumerated by statute, would be on January 1. The imposition of such a condition does not appear to us to be supported by the language of the statute. The rule of the last sentence of section 245 (b) is predicated upon that of accounting on annual periods, which is fundamental in our taxing statutes. *Helvering* v. *Morgan's, Inc.*, 293 U. S. 121. It has never been supposed that, because of the established rule of annual accounting periods, a transaction ending within the year need not for that reason be accounted for whether it be a matter of income or deduction. The death of a taxpayer within the year does not permit his income to escape tax. *Brady* v. *Anderson*, 240 Fed. 665.

In *San Jacinto Life Insurance Co.*, 31 B. T. A. 397, the taxpayer did not include in 1929 income the rental value of space occupied for home office purposes in a building owned by it from January 1 to April 30, 1929. It sold the building on the latter date and in 1930 paid property taxes which were assessed against the building on January 1, 1929. It sought a deduction from 1930 income for such taxes. We sustained the respondent's disallowance of the deduction, on the ground that the taxpayer had not complied with the statutory condition of reporting as income the rental value of the space it had occupied. But we also held that taxes accrued on property other than home office property during ownership would be deductible if paid in the following year after sale of the property. We said in part:

> * * * The mere fact that it had sold the property and was no longer the owner of it in the year when the taxes were properly paid, would not deprive it of the deduction.
>
> It would be sufficient to meet the measure of the statute if petitioner was the *owner* of the property at the time the tax liability legally accrued. Undoubtedly the same rule would apply to a home office building owned by an insurance company in which it occupied space for its own use, if it were not for the limitation contained in section 203 (b). * * *

The limitation referred to in the *San Jacinto* case as contained in section 203 (b) of the 1928 Act is the same as that in section 245 (b) of the 1926 Act, namely, the requirement of inclusion in income of rental value of space occupied as a condition to taking deductions. In the present case the limitation does not apply, inasmuch as the petitioner has reported rental value as required. Applying here the rule of the above case, we hold that petitioner is entitled to the deduction claimed for taxes, expenses, and depreciation.

The parties have stipulated the book value of the property at the time of sale, and that figure should be used in the calculation under the last sentence of section 245 (b).

*Decision will be entered under Rule 50.*